IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ARK CORPORATE MEMBER LIMITED, | § § § | |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:18-CV-1265-K |
| AEU BENEFITS, LLC, AEU HOLDINGS, LLC, STEPHEN M. SATLER and STEVEN GOLDBERG, | § § § § § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINON AND ORDER</u>

Before the Court is Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims (Doc. No. 22). The Court has carefully considered the motion, the response, the reply, the supporting appendices, the applicable law, and any relevant portions of the record. For the following reasons, the Court **GRANTS in part** Plaintiff's motion and **DENIES in part without prejudice to refiling**, and **GRANTS** Defendants' request to amend their remaining counterclaims.

I.   **Factual and Procedural Background**

Plaintiff Ark Corporate Member Limited filed this declaratory judgment action regarding insurance coverage. In their amended answer, Defendants AEU Benefits, LLC, AEU Holdings, LLC, Stephen M. Satler, and Steven Goldberg asserted affirmative

defenses as well as four (4) counterclaims against Plaintiff: (1) specific performance of the policy and a declaration that the policy is valid and enforceable; (2) breach of contract; (3) breach of duty of good faith and fair dealing; and (4) violation of Texas insurance code related to alleged misrepresentations. Plaintiff filed the instant motion seeking dismissal of each of these counterclaims under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

II. **Legal Standards**

In considering a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007) (internal quotations omitted). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a plaintiff pleads facts which allow the court to reasonably infer that the defendant is liable for the alleged misconduct, the claim has facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although not the same as a "probability requirement," facial plausibility calls for "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 556 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 555 (although the court must take as true all of the factual allegations in the complaint, it is not "bound to accept as true a legal conclusion couched as a factual allegation.").

III.   Analysis

Plaintiff seeks dismissal of all four of Defendants' counterclaims. The Court agrees that the first counterclaim for specific performance and declaratory judgment should be dismissed because it is duplicative of Plaintiff's claim for declaratory judgment. The Court does not agree that the remaining three (3) counterclaims should be dismissed and grants Defendants an opportunity to replead these counterclaims.

Defendants argue that they sufficiently pleaded their first counterclaim for specific performance and declaratory judgment. Despite their attempt to cast this counterclaim as one for specific performance, Defendants' own language belies its argument. In their first counterclaim, Defendants state:

> Defendants/Counter-Plaintiffs seek specific performance of the policy. Specifically, request a declaration from the Court that the Policy is valid and enforceable and that [Plaintiff] has a duty to provide coverage under the terms of the Policy for any claim by Defendants/Counter-Plaintiffs regarding the Black Wolf litigation.

"Specific performance is an equitable remedy that may be awarded upon a showing of breach of contract." *Stafford v. Southern Vanity Magazine, Inc.*, 231 S.W.3d 530, 535 (Tex.App.—Dallas 2007). This remedy requires "exact performance of a contract in the specific form in which it was made." *Levetz v. Sutton*, 404 S.W.3d 798, 805 (Tex.App—Dallas 2013). Specific performance is "used as a substitute for monetary damages when such damages could not be adequate." *Stafford*, 231 S.W.3d at 535. It is not a separate cause of action. *Id.* In this first counterclaim, the only "specific performance" Defendants identify is exclusively a declaration from the Court that the Policy is valid and enforceable and that Plaintiff owes a duty to cover Black Wolf litigation claims. There is no other "specific performance" Defendants identify as the remedy they seek in either this counterclaim or the paragraph outlining the relief sought. Defendants are clearly seeking only that the Court declares the rights of the parties, notably the continuing validity and enforceability of the Policy and the duty to indemnify under the Policy. Therefore, the Court construes this first counterclaim as seeking a declaratory judgment, not specific performance.

As such, this counterclaim is identical to Plaintiff's declaratory judgment claim. In its Amended Complaint, Plaintiff seeks "a declaration from this Court that they have no duty to provide coverage under the terms of the Policy for any claim by the [Defendants]. . .for Black Wolf's damages due to any alleged misappropriation or

misconduct arising out of the Plan. [Plaintiff] further requests a declaration that the Policy may properly be voided or rescinded for material misrepresentations in the application for insurance and the voidance or rescission are binding on the [Defendants]." Defendants "request a declaration from the Court that the Policy is valid and enforceable and that [Plaintiff] has a duty to provide coverage under the terms of the Policy for any claim by [Defendants] regarding the Black Wolf litigation." Defendants ask the Court to resolve a matter that will necessarily be resolved when the Court considers and decides Plaintiff's declaratory judgment claim. Defendants' counterclaim is "essentially grounds for asserting the mirror image of [Plaintiff's] declaratory judgment action" and, therefore, the Court grants the motion to dismiss Defendants' first counterclaim as it is duplicative. *See Klein v. Fed. Ins. Co.*, Civ. Action Nos. 7:03-CV-102-D & 7:09-CV-094-D, 2014 WL 4476556, at *9 (N.D. Tex.—Sept. 11, 2014)(Fitzwater, CJ); *Burlington Ins. Co. v. Ranger Specialized Glass, Inc.*, Civ. Action No. 4:12-CV-1759, 2012 WL 6569774, at *2-3 (S.D. Tex. Dec. 17, 2012).

Defendants also assert counterclaims for breach of contract, breach of duty of good faith and fair dealing, and violations of Texas Insurance Code Chapter 541. As for these remaining three (3) counterclaims, the Court **grants** Defendants' request for leave to amend these counterclaims. Within twenty-eight (28) days from the date of this Memorandum Opinion and Order, Defendants may file a second amended answer

to Plaintiff's amended complaint. Because the Court grants this alternative relief, the Court **denies without prejudice to refiling** Plaintiff's motion to dismiss these three remaining counterclaims.

In conclusion, Plaintiff's motion to dismiss is **granted in part** as to Defendants' first amended counterclaim (specific performance and declaratory judgment) and **denied in part** as to Defendants' second, third and fourth counterclaims. The Court **grants** Defendants leave to replead these three (3) remaining counterclaims in a second amended answer to Plaintiff's amended complaint. All other relief not expressly granted herein is **denied**.

**SO ORDERED.**

Signed November 8th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE